IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                  )<br>                                  )<br>            Plaintiff,            )<br>                                  )<br>      vs.                         )<br>                                  )<br>                                  )<br>TRENT DAVIS,                      )<br>                                  )<br>                                  )<br>            Defendant.            )<br>                                  )<br>_____) | No. CR-F-03-5054 OWW<br><br>ORDER DIRECTING FEDERAL<br>DEFENDER TO APPOINT COUNSEL<br>TO REPRESENT AND DIRECTING<br>COUNSEL FOR DEFENDANT AND<br>THE UNITED STATES TO APPEAR<br>ON MONDAY, MARCH 27, 2006 AT<br>9:00 A.M. FOR STATUS<br>CONFERENCE RE NINTH CIRCUIT<br>REMAND PURSUANT TO <u>UNITED<br>STATES v. AMELINE</u> |

The Ninth Circuit has affirmed defendant's conviction but remanded defendant's sentence to proceed pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005).[1]

If defendant has not retained counsel to represent him, the Federal Defender is ordered to appoint counsel for further

---

[1] Although this criminal action was transferred from the docket of Judge Coyle to the docket of Judge Wanger on March 8, 2004, defendant Trent Davis was sentenced by Judge Coyle prior to this transfer. Therefore, Judge Coyle will conduct the proceedings with regard to Trent Davis in connection with this remand.

1

proceedings pursuant to the remand.

The initial inquiry pursuant to the remand is whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory.  The court concludes that defendant's presence is not necessary for this initial determination. Rule 43(b)(3), Federal Rules of Criminal Procedure, provides that a defendant's presence is not required if "[t]he proceeding involves only a conference or hearing on a question of law."  A number of cases hold that a defendant's presence is not required for this initial determination.  See United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005); United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005); United States v. Coles, 403 F.3d 764, 770 (D.C.Cir. 2005); United States v. Lugo, 361 F.Supp.2d 91 (E.D.N.Y. 2005).

Counsel for the parties are ordered to appear on Monday, March 27, 2006 at 9:00 a.m. in Courtroom One for further status proceedings regarding the initial inquiry required by United States v. Ameline.

IT IS SO ORDERED.

**Dated:  March 9, 2006**              /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE